IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY DELAGOL,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 15-01320 |
| **CHARLES RAMSEY,** | : | |
| **CITY OF PHILADELPHIA, and** | : | |
| **THREE JOHN AND THREE JANE DOES,** | : | |
| Defendants. | : | |

Goldberg, J.                                                                                                  March 14, 2018

### MEMORANDUM OPINION

Plaintiff Barry Delagol brings claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, alleging various deprivations of his rights resulting from his termination of employment as a police officer with Defendant City of Philadelphia. Following two prior rounds of motions to dismiss and two opportunities to cure pleading deficiencies, Plaintiff's only surviving claim alleges a procedural due process violation regarding the City's alleged taking of a K-9 dog. The remaining Defendants move for judgment on the pleadings on this remaining claim. For the following reasons, I will grant the Motion.

### I.   FACTS IN THE SECOND AMENDED COMPLAINT[1]

In October 1997, Plaintiff was hired by the City of Philadelphia as a police officer. On May 7, 2013, he was terminated from the City's employment for allegedly having sex while on duty. (Second Amended Complaint ("SAC") ¶¶ 27, 28, 32(e).)

---

[1]   In deciding a motion under Federal Rule of Civil Procedure, the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

At the time of his termination, Plaintiff had been assigned to the K-9 Unit and obtained "full ownership" of a K-9 dog from the City and Defendant Charles Ramsey, who was the Police Commissioner at the time of the relevant events. Plaintiff housed, fed, provided care to, and socialized with the dog as if the dog was a member of Plaintiff's family. Plaintiff further asserts that he paid for the dog's care, housing, and meals, and that he became the owner of the dog without conditions or reservation of right to the City or Ramsey. (Id. ¶¶ 28, 30, 31, 32(a), 32(d).) Upon Plaintiff's termination from employment, the dog was taken from and out of Plaintiff's house at the direction of Ramsey and/or the Defendants Jane/John Does (the "Doe Defendants"). He alleges this "taking" was effectuated without just compensation, and without providing him with adequate and/or valid due process of law, including notice of the taking, reason for the taking, and an opportunity to oppose the taking. (Id. ¶¶ 32(j), 34(a), 34(c).)

Plaintiff initiated litigation on March 16, 2015, setting forth numerous constitutional violations. On February 5, 2016 and May 5, 2016, respectively, I granted Defendants' Motions to Dismiss, but gave Plaintiff leave to amend his Complaint. Plaintiff filed a Second Amended Complaint on June 6, 2016, following which Defendants again moved to dismiss. On March 20, 2017, I dismissed with prejudice the substantive due process and equal protection components of Counts I and II, and the entirety of Counts III–V of the Second Amended Complaint.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), should be granted if the movant establishes that there are no material issues of fact, and he is entitled to judgment as a matter of law. Zimmerman v. Corbett, 873 F.3d 414, 417 (3d Cir. 2017) (quotations omitted). In deciding a Rule 12(c) motion, the court does not consider matters outside the pleadings. Mele v. Federal Reserve Bank of N.Y., 359 F.3d 251, 257 (3d Cir. 2004). A motion

for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion. Id. (quotations omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.

The United States Court of Appeals for the Third Circuit has detailed a three-step process to determine whether a complaint meets the pleadings standard. Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. Id. at 365. Next, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Finally, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal, 556 U.S. at 679).

## III. DISCUSSION

Defendants argue that they are entitled to judgment on the pleadings with respect to the remainder of the Second Amended Complaint. Specifically, they assert that (1) all remaining claims against the City of Philadelphia were previously dismissed by the Court and (2) Plaintiff has failed to state a plausible procedural due process claim against Defendant Ramsey and the John/Jane Does.

### A. <u>Claims Against the City of Philadelphia</u>

Defendants first posit that Plaintiff has no surviving claims against the City of Philadelphia because both Counts against the City—Counts III and V of the Second Amended Complaint—were already dismissed. Plaintiff responds that the City can be liable for the acts of its authorized decision-maker Defendant Ramsey, under his authority as the police commissioner, and by others acting at Ramsey's direction. In turn, Plaintiff reasons that municipal liability against the City is permitted under § 1983 for Ramsey's single act as a high-ranking municipal official.

I have already addressed Plaintiff's argument and found it meritless. In response to the original Motions to Dismiss filed as to the First Amended Complaint, Plaintiff argued that "a single act by a policy-maker is sufficient to allow <u>Monell</u> liability and hold a municipality liable." (ECF No. 12, pp. 7–8.) Relying on alleged acts by Defendant Ramsey, Plaintiff contended that the <u>Monell</u> claim survived Rule 12(b)(6) scrutiny. (<u>Id.</u> at p. 10.) I rejected this argument, but gave Plaintiff leave to amend the Complaint. (Order, ECF No. 13.)

In the Second Amended Complaint, Plaintiff replead his <u>Monell</u> claim and Defendants again challenged its adequacy. In response, Plaintiff incorporated by reference his arguments raised in his previous responsive brief, including, presumably, his "single act by a policy-maker" theory. (ECF No. 16, at p. 2 n.1.) I held that any additional allegations Plaintiff included in the Second Amended Complaint were "entirely conclusory and utterly inadequate" to remedy the deficiencies identified

4

in his First Amended Complaint. (Memorandum, ECF No. 17, ¶ 17.) For the same reasons set forth previously, I found that Plaintiff had failed to state a claim against the City. (Id.) In turn, I dismissed both of those claims in their entirety and noted that "Delagol has failed to state a claim against the City." (Id.)

Plaintiff did not seek reconsideration of that ruling and does not now get a third opportunity to properly plead his claims against the City. Accordingly, I will grant Defendants' Motion on this ground and dismiss all claims against the City of Philadelphia.

### B. Claims Against Defendant Ramsey

Defendants also move to dismiss Plaintiff's procedural due process claim based on the taking of the dog against Defendant Ramsey.

It is well established that in order to state a § 1983 claim against a state official in his individual capacity plaintiff must allege facts sufficient to raise a plausible inference that the state official was personally involved in violating his constitutional rights. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.")); see also C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198, 201 (3d Cir. 2000) ("It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986) (holding that the official must play an "affirmative part" in the complained-of misconduct). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207 (citations omitted). Such allegations "must be made with appropriate particularity." Id.

Here, the Second Amended Complaint attempts to implicate Ramsey by alleging:

5

> 32j. The Dog was removed from Plaintiff's family and the Dog was removed by the acts, command, and direction of Ramsey and/or the does, and the custom and practices of the City. (SAC ¶ 32j.)
>
> 41. The dog property was taken by Ram[s]ey, the City, and Does from Plaintiff's home and its curtilage, without warrant approved by a judicial officer, consent of the Plaintiff or existence of a recognized "exigent circumstance." (Id. ¶ 41.)
>
> . . .
>
> 43. Defendant Ramsey is the person that caused Plaintiff's family like dog property to be taken and in the manner Plaintiff above describes for the dog's removal. (Id. ¶ 43.)
>
> 44. Ramsey used the title, authority, and powers of the City and Police Commissioner's Office to facilitate the taking, unreasonable seizure of the Plaintiff's home, and process used to remove the property from Plaintiff and his family without ever proving just compensation or adequate valid procedural due process. (Id. ¶ 44.)
>
> 45. Charles Ramsey and the Does searched for the property at Plaintiff's home, and the seizure of the Plaintiff's property (dog) from Plaintiff's home were done under Ramsey's direction and under color of state law. (Id. ¶ 45.)

Based on these allegations, Plaintiff argues that "[it] is undisputed that Charles Ramsey as police commissioner had plaintiff's property taken from the Plaintiff under threat of arrest if the property was not surrendered by Plaintiff." (Pl.'s Opp'n Mot. for Judg. 13.)

Such allegations constitute conclusory, non-specific assertions that Ramsey—solely by virtue of his position as the Philadelphia Police Commissioner—knew of and directed the constitutional deprivation. The Second Amended Complaint contains no pled facts that Ramsey either personally removed the dog from Plaintiff's home or specifically directed any employee to remove the dog from Plaintiff's home. Simply saying that he did so is not enough.[2] To the extent

---

[2] Paragraph forty–five of the Second Amended Complaint states that "Charles Ramsey and the Does searched for the property at Plaintiff's home . . ." (SAC ¶ 45.) The remainder of the Second Amended Complaint, however, suggests that the Doe Defendants, acting under Ramsey's authority, were responsible for the physical entry into Plaintiff's home and removal of the dog. A singular inclusion of Ramsey's name in an allegation that Plaintiff's home was searched is insufficient to state a plausible claim of personal involvement, particularly where that allegation is undermined by its context.

Plaintiff alleges that the seizure of the dog was done "at Ramsey's direction," such a statement fails to provide any detail as to who he directed, when such directions were given, or what those directions entailed. While Federal Rule of Civil Procedure 8(a) does not require a great deal of specificity, the claim must be pled with "appropriate particularity" and Plaintiff must allege facts sufficient to raise at least a plausible inference that the state official was personally involved in violating his constitutional rights. Evancho, 423 F.3d at 353. Precedent from within this Circuit is consistent with this conclusion.[3]

The remainder of the Second Amended Complaint also undermines any inference of Ramsey's personal involvement. Plaintiff asserts that "Ramsey used the title, authority, and powers of the City and the Police Commissioner's Office to facilitate the taking, unreasonable seizure of the Plaintiff's home, and process used to remove the property from Plaintiff and his family without ever proving just compensation or adequate valid procedural due process." (SAC ¶ 44.) Such an allegation is akin to premising Ramsey's liability solely on his position as Police Commissioner, and it undercuts the plausibility of any suggestion that Ramsey was personally involved in the alleged seizure. Plaintiff's Second Amended Complaint does not plausibly establish liability against Ramsey. See Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993) (explaining that, without more, the mere fact that a defendant holds a supervisory position is insufficient to prove a

---

[3] See, e.g., Miles v. City of Philadelphia, No. 11-4040, 2013 WL 125186, at *5 (E.D. Pa. Jan. 10, 2013) (allegation that Commissioner Ramsey has supervisory authority over plaintiff's employment terms and conditions and that he took adverse action against her in retaliation by approving disciplinary measures against her and disciplining her more severely does not plausibly allege that Commissioner Ramsey was a "moving force" behind the alleged violations of her rights); Lynch v. Ramsey, No. 10-3436, 2010 WL 4400027, at *5–6 (E.D. Pa. Nov. 4, 2010) (finding plaintiff's bare allegation that Ramsey "acquiesced to or approved and adopted [the actions of the supervisor defendants] as his own action" was insufficient to state a claim for supervisory liability under § 1983); O'Connell v. Sobina, No. 06–238, 2008 WL 144199, at *21 (W.D. Pa. Jan.11, 2008) (dismissing plaintiff's claims for supervisory liability under section 1983 where his complaint "fail[ed] to allege facts that, if proven, would show that [the supervisor defendants] had any personal involvement in the alleged violations of Plaintiff's constitutional rights").

7

cause of action because § 1983 does not support civil rights claims based upon a theory of respondeat superior). Accordingly, I will grant Defendants' Motion as to Commissioner Ramsey.

C. **Claims Against the "Doe" Defendants**

Finally, Defendants move to dismiss the remaining procedural due process claims against the yet-to-be-identified John or Jane Doe Defendants.

A violation of procedural due process requires a deprivation of a "protected property interest" and "that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process." DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell, 53 F.3d 592, 597 (3d Cir.1995) abrogated on other ground by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA, 316 F.3d 392 (3d Cir. 2003). To state a procedural due process claim, plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Mulholland v. Govt. Cty. of Berks, Pa., 706 F.3d 227, 238 (3d Cir. 2013); see also Vurimindi v. City of Phila., 521 F. App'x 62, 65 (3d Cir. 2013) (a plaintiff must allege that the state procedure for challenging the alleged deprivation was constitutionally inadequate; allegations that the plaintiff was deprived of a protected property interest without some allegations regarding the available procedures are insufficient to state a procedural due process claim).

Notably, the focus in procedural due process claims is on the adequacy of the remedial procedure, and not on the government's actual actions that allegedly deprived the individual of his liberty or property interest. K.S.S. v. Montgomery Cty. Bd. of Comm'rs, 871 F. Supp. 2d 389, 397–98 (E.D. Pa. 2012). As the United States Supreme Court has explained:

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. The constitutional

8

> violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate.

Zinermon v. Burch, 494 U.S. 113, 125–26 (1990). "[I]n those situations where a state must act quickly or where it would be impractical to provide pre-deprivation process, the Court has held that providing post-deprivation process may be enough to satisfy the requirements of the Due Process Clause." Augustin v. City of Philadelphia, 171 F. Supp.3d 404, 408 (E.D. Pa. 2016) (quoting Gilbert v. Homar, 520 U.S. 924, 930 (1997); National Amusements, Inc. v. Borough of Palmyra, 716 F.3d 57, 62 (3d Cir. 2013)).

Here, the Second Amended Complaint alleges that the Doe Defendants were "officials, agents, employees, or representatives of the City of Philadelphia" and that they were responsible for the removal of the dog from his home. (SAC ¶¶ 26, 32j, 34c, 37, 41, 45.) Plaintiff then asserts, in conclusory fashion, that "Plaintiff's dog property was taken by the Does, City and Ramsey without first providing Plaintiff with adequate and/or valid procedural due process of law, which process inc[l]udes notice of the taking, reason for the taking, and an opportunity pre and post taking to opposing the taking." (Id. ¶ 34c.)

Although Plaintiff arguably sets forth a deprivation of a property interest—his interest in the dog—he neither pleads any factual content about the procedures that were available to address the alleged property deprivation, nor alleges facts that could plausibly show that those procedures were constitutionally inadequate. In other words, Plaintiff focuses on the Doe Defendants' actions taken in regard to the dog, rather than on their denial of an adequate remedial procedure. Such conclusory and boilerplate averments are insufficient to either establish a plausible procedural due process

claim or explain the Doe Defendants' role in any procedural due process violation.[4] See Campbell v. Conroy, 55 F. Supp. 3d 750, 764 (W.D. Pa. 2014) (finding procedural due process claim improperly pled where complaint alleged only the deprivation of a property interest while neither pleading any factual content about the procedures available to address the property deprivation nor pleading facts that could plausibly show that those procedures are constitutionally inadequate). Indeed, nothing in the Second Amended Complaint sets forth facts regarding whether Plaintiff was given any—or simply "inadequate"—notice about the taking of the dog, whether he had recourse to prevent the taking of the dog, or whether, subsequent to the taking, he requested and was denied any post-deprivation remedy. Consequently, Plaintiff has failed to allege that he did not receive the process that was "due." Therefore, this claim does not withstand Rule 12(b)(6) scrutiny.

## IV. CONCLUSION

In light of the foregoing, I find that Plaintiff's claims against Defendant City of Philadelphia have all been previously dismissed and that Plaintiff fails to plausibly plead his procedural due process claims against Defendants Ramsey and the Does. Having had three opportunities to provide a complaint that meets the Twombly/Iqbal standards, Plaintiff is not entitled to a fourth chance to amend his pleading. Allowing any further amendment would not only be futile at this juncture, but would prejudice Defendants who have been litigating this case at the pleading stage for almost three years. Accordingly, I will grant the Motion for Judgment on the Pleadings and dismiss the entire Second Amended Complaint.

---

[4] Plaintiff argues that he is entitled to discovery to identify the Does and further reply to Defendants' Motion to show that disputed material facts exist. The Second Amended Complaint, however, is being dismissed not because there is no issue of material fact, but because Plaintiff has failed to clear the initial hurdle of properly pleading claims upon which relief may be granted.